| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/6/2023 |
| KODY JOSEPH MELANCON,<br><br>                          Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                          Defendant. | 1:19-cv-10040 (MKV)<br><br>ORDER OF DISMISSAL |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Kody Joseph Melancon, proceeding *pro se*, initiated this employment discrimination case in October 2019 by filing a complaint [ECF No. 2]. Thereafter, for two years, Plaintiff never served Defendant, or took any other action to prosecute his case. Accordingly, on October 8, 2021, the Court issued an order dismissing this case without prejudice for failure to serve and "for failure to prosecute" [ECF No. 11]. However, the Court explained that it would reopen the case if Plaintiff filed an application to reopen by November 8, 2021.

On November 8, 2021, Plaintiff filed a letter stating that he "would like to pursue the case" and would "take any actions which are necessary to move the case forward" [ECF No. 13]. On November 9, 2021, the Court issued an Order restoring this case to the Court's calendar and directing Plaintiff to serve Defendant [ECF No. 14]. In that Order, the Court warned Plaintiff that failure to serve Defendant might result in "dismissal for failure to prosecute."

Plaintiff later requested an extension of time to serve Defendant, which the Court granted [ECF Nos. 16, 17]. Plaintiff eventually served Defendant with the summons and complaint, although not by the Court-ordered deadline [ECF Nos. 17, 21]. Defendant responded with a pre-motion letter requesting leave to file a motion to dismiss [ECF No. 23].

In an Order dated June 21, 2022, the Court directed Plaintiff to "file a letter by July 6, 2022" stating whether he wished to amend the complaint in response to the arguments in Defendant's pre-motion letter [ECF No. 24]. The Court also set deadlines for briefing the motion to dismiss. As relevant here, the Court ordered that, if Plaintiff chose not to amend the complaint, Defendant's motion to dismiss was due July 15, 2022, Plaintiff's opposition was due September 13, 2022, and any reply was due September 20, 2022. The Court explained: "The Court is setting this lengthy briefing schedule to give the Plaintiff plenty of time because he is *pro se*. **Plaintiff is on notice that failure to meet the deadlines set forth above may result in dismissal for failure to prosecute.**"

Plaintiff failed to file the required letter about whether he wished to amend the complaint, failed to file an opposition to Defendant's motion to dismiss, and failed to request extensions or to take any other action to prosecute this case. Accordingly, on October 18, 2022, the Court issued an Order To Show Cause why this case should not be dismissed for failure to prosecute [ECF No. 30]. The Court ordered that, by November 1, 2022, Plaintiff file: (1) a letter showing cause why this case should not be dismissed for failure to prosecute; and (2) any opposition to Defendant's motion to dismiss. The Court wrote: "This is Plaintiff's final warning. **Failure to comply with this order and prosecute this case will result in dismissal with prejudice.**"

On October 31, 2022, Plaintiff filed a letter offering reasons why he had been unable to prosecute the case and requesting "the opportunity to respond to the Defendant's motion to dismiss" [ECF No. 31]. The Court directed Plaintiff to respond to the motion to dismiss by November 21, 2022 and, yet again, warned Plaintiff that failure to comply with court orders and prosecute this case might result in dismissal [ECF No. 32].

Plaintiff's (most recent) deadline to oppose dismissal was more than a month ago. However, Plaintiff has not filed an opposition, has not requested a further extension of time, and

has not taken any other action to prosecute this case. The Court cannot continue to expend judicial resources imploring Plaintiff to avoid dismissal.

Rule 41(b) of Federal Rule of Civil Procedure provides to dismissal, with prejudice, based on a plaintiff's failure to comply with "a court order" and otherwise "to prosecute" his case. Fed. R. Civ. P. 41(b). It is well established that "a court may dismiss a claim for failure to prosecute *sua sponte*." *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005) (citing *Spencer v. Doe*, 139, F.3d 107, 112 (2d Cir. 1998)). The Second Circuit has made clear that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The Second Circuit has also instructed district courts to be "especially hesitant" to dismiss for failure to prosecute the case of a *pro se* litigant. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Nevertheless, the Second Circuit has recognized that a district court's authority to dismiss a case "for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has made clear that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (collecting cases). A *pro se* plaintiff simply "is not exempt from complying with court orders and must diligently prosecute his case." *Menu v. City of New York*, No. 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017); *see also Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) ("[E]ven *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning.").

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  None of the five factors is dispositive.  *Id.*  All of the factors weigh in favor of dismissal here.

The first factor clearly weighs in favor of dismissal, since this case has been on the Court's docket for more than three years.  Turning to the second factor, the Court has warned Plaintiff in five separate orders that failure to prosecute this case would result in dismissal [ECF Nos. 11, 14, 24, 30, 32].  On several occasions, Plaintiff has done the bare minimum to avoid dismissal with prejudice.  Specifically, he has submitted letters asking the Court to keep the case open [ECF Nos. 13, 31].  But he continues to ignore court orders and this case.

With respect to the third factor, the Court finds that Plaintiff's delays prejudice Defendant.  Defendant moved to dismiss nearly six months ago and is still awaiting an opposition.  Defendant argues, among things, Plaintiff failed to exhaust administrative remedies, failed to file a timely notice of claim, failed timely to serve Defendant, and fails to state a claim [ECF No. 29].  Defendant has an interest in resolution.

With respect to the fourth and fifth factors, the Court has carefully weighed the need to manage its docket against Plaintiff's right to be heard, as well as the possibility of lesser sanctions.  The Court has given Plaintiff opportunities to be heard, but Plaintiff has refused to prosecute this case, notwithstanding the Court's repeated warnings.  As outlined above, Plaintiff failed even to serve Defendant until he faced dismissal with prejudice.  After the Court issued several orders and

extensions in connection with service, Plaintiff still failed timely to serve. And Plaintiff has failed to oppose dismissal. Theoretically, ruling on Defendant's motion to dismiss the complaint without any opposition from Plaintiff would be a lesser sanction than dismissal for failure to prosecute. However, in the light of Defendant's unopposed arguments that Plaintiff failed to exhaust administrative remedies and failed timely to file a notice of claim, the result would almost certainly be the same. Given Plaintiff's longstanding and repeated failure to prosecute his claims for three years, no additional judicial resources should be devoted to this case. Dismissal with prejudice for failure to prosecute is the appropriate resolution.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 26 and to close this case.

**SO ORDERED.**

**Date: January 6, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**